VENABLE LLP
Kimberly Culp (SBN 238839)
KCulp@Venable.com
Spear Tower, 40th Floor
One Market Plaza
1 Market Street
San Francisco, CA 94105
Telephone:   (415) 653-3750
Facsimile:    (415) 653-3755

VENABLE LLP
Damon W.D. Wright (*pro hac vice* application to be filed)
DWright@Venable.com
575 7th Street, N.W.
Washington, DC 2004-1601
Telephone:   (202) 344-4937
Facsimile:    (202) 344-8300

Asa Hutchinson, III (*pro hac vice* application to be filed)
Stephanie E. Smith (*pro hac vice* application to be filed)
ROBERTS LAW FIRM, P.A.
20 Rahling Circle
Little Rock, AR 72223
Telephone:  (501) 821-5575
Facsimile:  (501) 821-4474
Email: ahutchinson@robertslawfirm.us
          stephanieegner@robertslawfirm.us

Attorneys for Plaintiff
KECHARA HOUSE BUDDHIST ASSOCIATION MALAYSIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KECHARA HOUSE BUDDHIST ASSOCIATION MALAYSIA<br><br>   Plaintiff,<br><br>   vs.<br><br>JOHN DOES 1-3<br><br>   Defendants. | Case Number: _____<br><br>**KECHARA HOUSE BUDDHIST ASSOCIATION MALAYSIA'S COMPLAINT FOR**:<br>   (1) DEFAMATION<br>   (2) INVASION OF PRIVACY<br>   (3) COPYRIGHT INFRINGEMENT<br>   (4) IN THE ALTERNATIVE, DECLARATORY AND/OR INJUNCTIVE RELIEF<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kechara House Buddhist Association Malaysia (hereinafter referred to as "Kechara House" or "Plaintiff"), for its Complaint against John Does 1-3 ("Defendants"), complains and alleges as follows:

## NATURE OF THE ACTION

1. This is an action by Plaintiff against Defendants seeking recovery of damages and injunctive relief to remedy Defendants' wrongful acts in publishing libelous videos containing defamatory statements on the Internet on websites such as YouTube.com and Google+. Defendants have violated and continue to violate California defamation, privacy and copyright laws, and Plaintiff has suffered damages as a result of Defendants' illegal conduct.

## PARTIES

2. Kechara House Buddhist Association Malaysia is a non-profit Buddhist association headquartered in Selangor, Malaysia. Kechara House is engaged in spiritual, teaching, and charitable activities. Kechara House's 13 diverse departments include the Kechara World Peace Centre, Kechara Forest Retreat and Kechara Soup Kitchen. Kechara House has a strong online presence, with its website and social media sites accessible worldwide, including in the United States and California.

3. Upon information and belief, Defendants John Does 1-3 are individuals whose true names and capacities, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff. Therefore, Plaintiff sues such John Does 1-3 by such fictitious names. John Does 1-3 may include residents of California. Further, upon information and belief, Plaintiff alleges that each of the fictitiously named Defendants is in some manner responsible for the events alleged herein and that Plaintiff's damages were proximately caused by such John Doe Defendants.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as the value of this controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because many of the unlawful acts giving rise to Plaintiff's claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Local Rule 3-5(b) the action should be assigned to the San Francisco division because a substantial number of citizens reside in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco San Mateo and Sonoma and Does 1-3 are potentially residents of any of these counties. Moreover, the actions of Does 1-3, which were on the internet, are made in these counties and servers used to post the defamatory statements are believed to be in one or more of these counties.

## FACTUAL ALLEGATIONS

7. Kechara House is a legally registered society in Malaysia and abides by all the governing rules of the land as well as the codes of conduct of a Buddhist entity.

8. Kechara House operates on its good reputation and depends on donations and gifts from sponsors and patrons to operate and survive.

9. Upon information and belief, Defendants have engaged in a pattern and practice of attempting to defame Kechara House and have conducted an online smear campaign against Kechara House using various aliases, such as "Kelsangs Worldwide."

10. For example, a libelous video directed at Kechara House was recently posted by John Doe Defendant No. 1 on YouTube.com under the handle "radioactivelha" at https://www.youtube.com/watch?v=2aUZtwn3cu4&feature=share and by John Doe Defendant No. 2 under the handle "Kelsangs Worldwide" on Google+ at https://plus.google.com/app/basic/101708872825414340024/posts?cbp=aqjc5tzbg9zz&sview=25&cid=5&soc-app=115&soc-platform=1 (hereinafter referred to as "Kelsangs Worldwide video").

11. John Doe Defendant No. 3 previously posted 27 libelous videos on YouTube.com under the handle "TK Rinpoche." YouTube.com reviewed the 27 videos posted under the handle "TK Rinpoche", and YouTube.com determined that the videos were libelous and did in fact remove the videos from YouTube.com on December 12 and December 16, 2014.

12. Publication of the libelous Kelsangs Worldwide video results in the risk of imminent economic harm to Kechara House and physical harm to Kechara House officials.

13.    The libelous Kelsangs Worldwide video contains the following defamatory statements:

    (1) Time stamp: 0:07 to 0:13 – "…His Holiness the Dalai Lama, the Tibetan community, Gaden Shartse monastery, and all the good people who trusted him. Tsem Tulku is a twofaced liar and his students are criminals. Warn your family and friends and…" These statements falsely disparage Kechara House as a fraudulent Buddhist organization and falsely accuses Kechara House of criminal activities.

    (2) Time stamp: 0:21 to 0:27 – "If you are in Kechara House, LEAVE! Don't let them get your personal information, if you are stalked by them contact police and make a report. They are dangerous people that try to control people with threats." These statements falsely accuse Kechara House of committing assaults and other torts on students and former students of Kechara House. The statements further wrongly accuse Kechara House as bullying innocent people and of being more akin to a criminal organization than a Buddhist association.

14.    The defamatory statements contained in the Kelsangs Worldwide video posted online have adversely affected the good name of Kechara House. This adverse impact and the call to not support Kechara House financially have resulted in damages to Kechara House, with such damages escalating each hour the video continues to be posted on YouTube.com and Google+.

15.    Defamation notices were promptly submitted by counsel for Kechara House to YouTube.com and Google+.

16.    However, Kechara House faces imminent harm and damages if the Kelsangs Worldwide video is not immediately removed from YouTube.com and Google+.

17.    Previous unlawful, libelous conduct by Defendants includes publication of the following statements online:

    (1) https://plus.google.com/101708872825414340024/posts/PDzhSWhBCYy. This post disparages a Kechara House official by falsely accusing him of being a "rent boy" in his youth.

(2) https://plus.google.com/101708872825414340024/posts/Cu9QPFhf6Bz. This post disparages a Kechara House official by falsely alleging that he is a charlatan or fake.

(3) https://plus.google.com/101708872825414340024/posts/XPXwawWiCZq

https://plus.google.com/101708872825414340024/posts/ZoMsTQKcaqf

https://plus.google.com/101708872825414340024/posts/NFa8x3HMD99

These posts falsely accuse a Kechara House official of using cosmetics.

(4) https://plus.google.com/101708872825414340024/posts/5raNodE5cFt. This post alleges that a Kechara House official and products sold in Kechara House's online shop, "VajraSecrets" are a scam. These statements are clearly defamatory as any notion of falsity is extremely damaging to a religious monk and religious organization.

(5) https://plus.google.com/101708872825414340024/posts/8ae6hr7WfJ6. This post alleges false affiliations of Kechara House, that Kechara House does not operate in the interest of Tibetan Buddhism, that Kechara House has engaged in financial impropriety, and that Kechara House's religious products are "comic books and vanity publications."

(6) https://plus.google.com/101708872825414340024/posts/c9v1yjzjcot. This post falsely accuses Kechara House of financial impropriety. It also refers to a blog on http://insidethecompany.wordpress.com containing false and defamatory statements about Kechara House.

(7) https://plus.google.com/101708872825414340024/posts/iTs9BErcVM6. This post falsely alleges that Kechara House's religious work is propaganda and cultish.

(8) https://plus.google.com/101708872825414340024/posts/G5CzWVqqN3X. This post falsely alleges affiliations of Kechara House.

18. Defendants have engaged in the above-described libelous conduct against Kechara House in effort to destroy Kechara House's good name and reputation.

## FIRST CAUSE OF ACTION

## DEFAMATION

19. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

20. Defendants knew that the statements made in the above-described libelous videos were false.

21. Defendants intentionally published false statements of fact about Kechara House.

22. Defendants' statements were false, defamatory, unprivileged, and have a natural tendency to injure Kechara House's reputation and daily operation.

23. As a direct and proximate result of Defendants' conduct, Kechara House has suffered damages, including damage to its reputation, lost donations, and attorneys' fees.

24. In addition, Defendants acted with fraud, malice and with intent to damage Kechara House, entitling Kechara House to an award of punitive damages.

## SECOND CAUSE OF ACTION

## INVASION OF PRIVACY

25. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

26. Kechara House has a legally protected privacy interest under Article I, Section 1 of the California Constitution in precluding the dissemination or misuse of sensitive information.

27. Kechara House has a reasonable expectation of privacy that false information regarding its operation will not be disclosed. Defendants knew or should have known that Kechara House had a reasonable expectation of privacy and that dissemination of libelous videos would intrude on Kechara House's privacy.

28. Kechara House had no advance notice of the intrusion of its privacy by Defendants and did not consent to the Defendants' above-described activities affecting Kechara House's privacy interest.

29. Kechara House alleges that it was foreseeable, contemplated and intended by Defendants that the libelous videos would be published and disseminated to the general public online. Such dissemination increased Kechara House's injuries.

30. Defendants acted in conscious disregard of Kechara House's right to privacy and as a direct and proximate result of Defendants' conduct, Kechara House has suffered damages.

## THIRD CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

31. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

32. Plaintiff owns copyrights as defined in California Civil Code § 980.

33. Defendants have infringed Kechara House's copyrights through the unauthorized distribution of the libelous video using Kechara House's name and/or likeness in videos, which Kechara House did not create, on YouTube.com and Google+, which websites are accessible in the U.S., including in this District.

34. Defendants' actions constitute copyright infringement in violation of California law.

35. Defendants' infringement of Kechara House's copyright was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

36. As a direct and proximate result of Defendants' willful infringement, Kechara House has suffered and will continue to suffer damages, including damage to its reputation, good will and property.

37. Kechara House is entitled to an injunction restraining Defendants and all persons in active concert or participation with them from engaging in any further such acts in violation of the California Civil Code.

38. Thus, Kechara House is entitled to recover damages from Defendants as a result of Defendants' copyright infringement.

## FOURTH CAUSE OF ACTION

## IN THE ALTERNATIVE, DECLARATORY JUDGMENT

## AND/OR INJUNCTIVE RELIEF

39. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

40. Defendants should be permanently enjoined from posting defamatory videos online in the future.

41. Kechara House will suffer irreparable harm in a manner which cannot be adequately compensated in money damages if Defendants' conduct in posting libelous videos is not enjoined.

42. Kechara House prays for the Court to enter a declaratory judgment against Defendants that the conduct complained of herein is unlawful and/or that the Court enter an order permanently enjoining the Defendants from engaging in the conduct complained of herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kechara House prays for judgment on its Complaint as follows:

1. For judgment and an award of damages against Defendants for violation of California defamation law, including an award of punitive damages;
2. For judgment and an award of damages against Defendants for violation of California invasion of privacy law;
3. For an injunction of Defendants' copyright infringement;
4. For judgment and an award of damages against Defendants for copyright infringement;
5. In the alternative, for a declaratory judgment that Defendants' conduct complained of herein is unlawful and/or an injunction permanently barring continuation of the conduct complained of herein;
6. For an award of attorneys' fees and costs; and

- 7 -
KECHARA HOUSE BUDDHIST ASSOCIATION MALAYSIA'S COMPLAINT

7. For all other relief to which Kechara House is entitled and which the Court deems proper.

Date: January 23, 2015

VENABLE LLP

By: _____
Kimberly Culp
Attorneys for Plaintiff Kechara House
Buddhist Association Malaysia

### DEMAND FOR JURY TRIAL

Pursuant to Local Rule 3-6(a), Plaintiff hereby demands a jury trial on any trial in this action.

Date: January 23, 2015                    VENABLE LLP

By: _____
Kimberly Culp
Attorneys for Plaintiff Kechara House
Buddhist Association Malaysia