UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KECHARA HOUSE BUDDHIST
ASSOCIATION MALAYSIA,

        Plaintiff,

    v.

JOHN DOES 1-3,

        Defendant.

Case No.  15-cv-00332-DMR

**ORDER DENYING PLAINTIFF'S EX
PARTE APPLICATION FOR LEAVE
TO TAKE DISCOVERY PRIOR TO
RULE 26 CONFERENCE**

Re: Dkt. No. 10

Plaintiff Kechara House Buddhist Association Malaysia moves the court *ex parte* pursuant to Federal Rule of Civil Procedure 26(d) for leave to take discovery prior to the Rule 26 conference so that it may unearth the identity of the three as-of-yet unnamed defendants ("Defendants Does 1-3") in this action.  Specifically, Plaintiff requests permission to issue an early subpoena to Automattic, Inc., d/b/a Wordpress.com, which hosts a blog called "Inside the Company."  Plaintiff seeks subscriber information as well as other material regarding the person who posted allegedly defamatory material to that blog.  This matter is appropriate for determination without oral argument.  Civil L.R. 7-1(b).  For the following reasons, the court denies Plaintiff's motion.

## I. Background

Plaintiff Kechara House Buddhist Association Malaysia ("Kechara House") is a non-profit Buddhist association headquartered in Malaysia, and is engaged in spiritual, teaching, and charitable activities.  (Compl. ¶ 2.)  On January 23, 2015 Plaintiff filed a complaint against three Doe Defendants, bringing claims for defamation, invasion of privacy, and copyright infringement, seeking to stop Defendants from publishing allegedly libelous videos containing defamatory statements about Plaintiff online.  (Compl. ¶ 1.)  Specifically, Plaintiff alleges that Defendants have attempted to defame Plaintiff and "have conducted an online smear campaign against

Kechara House using various aliases," and that Defendants have posted libelous and defamatory videos about Plaintiff and its officials on YouTube and Google+.  (Compl. ¶¶ 9-11, 13.)  Plaintiff alleges that Doe Defendant No. 1 posted a libelous video on YouTube under the user name "radioactivelha."  (Compl. ¶ 10.)  This video, titled "Truth About Tsem Tulku," consists of a series of text-only slides (hereafter, the "Tsem Tulku video").  Plaintiff alleges that Doe Defendant No. 2 posted the Tsem Tulku video to Google+ under the user name "Kelsangs Worldwide."[1] (Compl. ¶ 10.)  Plaintiff further alleges that Doe Defendant No. 3 posted 27 libelous videos on YouTube under the username "TK Rinpoche," all 27 of which have since been taken down by YouTube's administrators.  (Compl. ¶ 11.)  According to Plaintiff, publication of the "libelous" Tsem Tulku video "results in the risk of imminent economic harm to Kechara House and physical harm to Kechara House officials."  (Compl. ¶ 12.)  Plaintiff states that the defamatory statements in the Tsem Tulku video have caused it to suffer damage to its reputation and a decline in donations.  (Compl. ¶¶ 14, 23.)

Plaintiff also alleges that Defendants have "previously published"[2] "unlawful, libelous" statements on Google+, and describes ten allegedly false and defamatory postings.  (Compl. ¶ 17(1)-(8).)  In this section, Plaintiff describes one post that "falsely accuses Kechara House of financial impropriety" and further alleges that this defamatory posting refers to a blog on http://insidethecompany.wordpress.com ("Inside the Company") which contains false and defamatory statements about Plaintiff.  (Compl. ¶ 17(6).)  This is the sole reference to the "Inside the Company" blog in the entire complaint.

Plaintiff now petitions the court for leave to take discovery prior to the parties' Rule 26(f) conference.  Specifically, Plaintiff seeks leave to serve a subpoena on third party Automattic, Inc., d/b/a Wordpress.com, requesting the identity of the person responsible for all posts on Inside the Company.  (Gomez Decl., March 18, 2015, Ex. A (Proposed Subpoena) 5-6.)  In addition, Plaintiff requests the person's login information, password, and Wordpress account information; a copy of

---

[1]  At the time this order was written, these statements were no longer available at the URLs provided in Plaintiff's complaint.

[2]  As to the allegations regarding "previously published" unlawful statements, Plaintiff states that "Defendants" are responsible, without differentiating among the three Doe Defendants.

all communications he or she has had with Wordpress.com; any documents in Wordpress.com's possession related to the offending posts; and several other categories of information.  (Proposed Subpoena 5-6.)

## II. Legal Standard

Although in the Ninth Circuit courts disfavor exceptions to the general rules of discovery, *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)), a court will grant a motion for expedited discovery "upon a showing of good cause," *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008)) (quotation marks omitted); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002), unless the court finds that discovery "would not uncover [the defendants'] identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642 (citations omitted).  Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1066 (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at 1179) (quotation marks omitted); *accord Semitool, Inc.*, 208 F.R.D. at 276.  The court must perform this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); *see Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1067.

As the court noted in *Columbia Ins. Co.*, "the need to provide injured parties with [a] forum in which they may seek redress for grievances . . . must be balanced against the legitimate and valuable right to participate in online forums anonymously or pseudonymously."  185 F.R.D. at 578.  Therefore, in evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts employ safeguards to ensure that such discovery "will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of [early discovery] to harass or intimidate." *Id.*  Courts examine whether the plaintiff (1) identifies the Doe defendant with

United States District Court
Northern District of California

sufficient specificity so that the court can determine that the defendant is a real person or entity who can be sued in federal court; (2) describes all previous steps taken to identify and locate the defendant; (3) establishes that the suit could withstand a motion to dismiss; and (4) establishes that the discovery requested is likely to lead to identifying information about the defendant that will permit service of process. *Id.* at 578-80.

### III. Analysis

Having evaluated Plaintiff's request for early discovery "in light of all the surrounding circumstances," *Semitool*, 208 F.R.D. at 275, the court finds that Plaintiff has failed to make a sufficient showing under at least three of the four *Columbia Ins. Co.* factors to establish good cause to permit the requested discovery.

First and foremost, Plaintiff has failed to show that factor four is satisfied, because it has not established that "there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Columbia Ins. Co.*, 185 F.R.D. at 580. Plaintiff requests leave to serve a subpoena on Wordpress seeking information about the person responsible for the posts on Inside the Company. However, Plaintiff does not sufficiently establish a connection between the individual(s) responsible for the postings on that blog and any of the three Doe Defendants.

The sole reference to the Inside the Company blog appears in paragraph 17 of the complaint, in a section describing "[p]revious unlawful, libelous conduct by Defendants." Plaintiff alleges that "Defendants" published a particular Google+ post, which is no longer available at the link provided. This Google+ post "falsely accuses Kechara House of financial impropriety" and also "refers" to the Inside the Company blog, which allegedly contains false and defamatory statements about Kechara House. (Compl. ¶ 17(6).) The complaint does not directly attribute any postings on Inside the Company to Doe Defendants 1-3.[3]

---

[3] The court also notes that the Inside the Company blog makes no explicit reference to Plaintiff at all. Its first post promises that "[n]o names will be mentioned," and describes the blog as a record of "the truth of personal and individual experiences," intended "to give support to many other people who have been in the same company and cannot speak out." *Inside the Company*, wordpress.com, https://insidethecompany.wordpress.com/page/6/ (last visited May 18, 2015). Throughout its many posts, the blog refers only to "the Company," and its leader, "the

United States District Court
Northern District of California

In its motion, Plaintiff states that it believes that "posts to WordPress under the blog Inside the Company were also made by the same Does 1-3 who could have posted the recent defamatory material on Google+ and YouTube, or that there was widespread collusion amongst the parties." (Pl.'s Mot. 2.)  Upon examination, the information submitted by Plaintiff does not support these stated beliefs.

Li Kim Phng, a Kechara House representative, submits a declaration which includes two emails by A.P. Tan.  From these emails, Tan appears to be affiliated with A.P. Films PTE, Ltd.  One of the two Tan emails refers to Inside the Company, and states that the blog is about Kechara House.  This lone reference appears to be the sole support for Phng's assertion that the email "indicates a connection of some type between AP Films and its representatives and the 'Inside the Company' blog." (Phng Decl. ¶ 6.)   Making a reference to a blog in an email falls far short of establishing a meaningful "connection" between the emailer and the blogger.  Moreover, Phng provides no context.  She does not explain who A.P. Tan is, whether she suspects that Tan is the author of the blog, or what relationship if any Tan or AP Films has to this case.  While statements in one of Tan's emails appear critical of Kechara House, Tan is not named as a defendant.  In short, the connection Plaintiff seeks to draw between Tan, Plaintiff, the Doe Defendants, and Inside the Company is unclear.

Plaintiff also asserts that it seeks to issue the proposed subpoena to WordPress because the person responsible for Inside the Company is part of "a widespread scheme being perpetuated to defame Kechara House," and thus, the WordPress information will lead to the identification of the Doe Defendants.  (See Phng Decl., March 18, 2015, ¶ 5; see also Gomez Decl. ¶¶ 5 ("there are a number of potentially involved individuals, who we believe are coordinating the defamatory content"), 10.)  However, Plaintiff presents no evidence supporting what is essentially speculation about the existence of a "scheme" connecting the Doe Defendants to the operator of Inside the

---

Chairman."  The posts range from descriptions of the chairman as an incessant gossip to more serious charges of physical violence and a cult-like, oppressive atmosphere within "the Company."  However, the blog contains no identifying details, and there is nothing to suggest to what, or to whom, the appellations "the Company" or "the Chairman" might refer.  Taken on its own, it is impossible to connect Inside the Company to Plaintiff Kechara House.

Company.

For these reasons, Plaintiff has failed to establish the fourth *Columbia Ins. Co.* factor: that the discovery requested is likely to lead to identifying information about the defendant that will permit service of process. *See Gillespie,* 629 F.2d at 642 (stating that discovery should not be permitted if it is not likely to "uncover the identities" of defendants). Plaintiff's showing with respect to the first and second *Columbia Ins. Co.* factors is also insufficient. The first factor requires the Plaintiff to "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Columbia Ins. Co.*, 185 F.R.D. at 578. Plaintiff's consultant and investigator, Steven L. Gomez, states that he believes that "an actual person is responsible" for the postings on Inside the Company, that there is a specific email address listed on the blog as contact information, and that he "believe[s] this email address is specifically tied to a person who can be sued in federal court." (Gomez Decl. ¶ 4.) However, as discussed above, the complaint does not directly state that the Doe Defendants authored the Inside the Company blog, and there is insufficient information linking the author of the Inside the Company blog to the Doe Defendants.

The second factor requires a party to identify all previous steps taken to locate the defendant. *Columbia Ins. Co.*, 185 F.R.D. at 579. Gomez describes the steps his firm has taken to locate the person responsible for "the defamatory postings about Kechara House," but he does not identify any specific actions taken to investigate the person responsible for Inside the Company, such as contacting the email address actually listed on the blog. Gomez's statements about his investigation are vague and unspecific, and he appears to lump the allegations about the Tsem Tulku video with Inside the Company with no supporting facts or evidence demonstrating that "suspected individuals" are connected and coordinating their actions. (Gomez Decl. ¶¶ 5, 10.)

In sum, Plaintiff has not set forth a convincing connection between Inside the Company and any of the Doe Defendants sufficient to establish good cause for the requested discovery under the first and fourth *Columbia Ins. Co.* factors, nor has it made an adequate showing under the second factor. Accordingly, the court need not reach the question of whether Plaintiff's complaint could withstand a motion to dismiss at this time.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### IV. Conclusion

For the reasons above, Plaintiff's *ex parte* application for an order granting leave to take expedited discovery is denied.

**IT IS SO ORDERED.**

Dated: May 19, 2015



Donna M. Ryu
United States Magistrate Judge
Judge Donna M. Ryu

7